IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARTE COFFEE,

                Plaintiff,

v.

ERIC BARBER, JERRY JAEGER, and MIKE MEISNER,

                Defendants.

OPINION and ORDER

20-cv-965-jdp

---

Pro se plaintiff Marte Coffee is an inmate at Redgranite Correctional Institution. He alleges that prison staff failed to repair missing tiles on the shower floor that caused him to trip and fall. Coffee brings claims under the Eighth Amendment and Wisconsin negligence law. Coffee filed his case in Dane County Circuit Court, but defendants removed it to this court because it raised a federal question.

Because Coffee is incarcerated, the Prison Litigation Reform Act requires the court to screen his complaint and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

ALLEGATIONS OF FACT

I draw the following facts from Coffee's complaint. Dkt. 1-2. In July 2019, an inmate at Redgranite named Rufus West wrote to defendants Jerry Jaeger, a housing unit supervisor,

and Mike Meisner, the warden, to notify them that the shower floor had missing tiles. Jaeger responded to West that a work order would be submitted. Defendant Eric Barber responded on behalf of Meisner that maintenance staff had been notified and would address the missing tiles as soon as possible.

Early in the morning on October 21, Coffee was cleaning the shower room. He tripped on the area where the tiles were missing, injuring the right side of his body, right elbow, lower back, and right shoulder. He also says that the fall caused him emotional distress.

ANALYSIS

Coffee contends that defendants subjected him to unsafe conditions and caused him to trip and fall by failing to repair the shower floor. He brings claims under the Eighth Amendment and Wisconsin negligence law.

A prisoner states a claim under the Eighth Amendment if he alleges facts suggesting that prison officials knowingly disregarded a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A dangerous prison condition constitutes a substantial risk of harm if it deprives an inmate of the minimal civilized measures of life's necessities or offends contemporary standards of decency. *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004).

Federal courts consistently have held that poorly maintained surfaces in prisons do not pose a substantial risk of harm, even when defendants are aware of the condition. In *Harold v. Brannon*, No. 19-4199, 2019 WL 6684500, at *1–2 (C.D. Ill. Dec. 6, 2019), for example, the court concluded that a prison walkway with a large hole that caused an inmate to trip and fall was not a serious enough condition that it denied prisoners the minimal measures of civilized

life. *See also*, *Buss*, 384 F.3d at 881–84 (uneven prison softball field was not a serious enough condition to implicate the Eighth Amendment); *Watkins v. Lancor*, 2013 WL 812521, at *1 (E.D.Wis. March 5, 2013) (prison's failure to repair a water leak onto the kitchen floor did not offend contemporary standards of decency); *Seymore v. Dep't of Corr Servs.*, No. 11 CIV. 2254 JGK, 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (prison bathroom floor with poor tiling and cracks did not rise to the level of a constitutional deprivation). Coffee has failed state an Eighth Amendment claim.

Coffee has at most stated a claim for the state-law tort of negligence. Under Wisconsin law, a claim for negligence requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp,* 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. But a federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Coffee says that the amount at stake in his case is $1,000,000. But nothing in his complaint suggests that he and defendants are citizens of different states.

Under the federal removal statute, if at any time before final judgment it appears that the district court lacks jurisdiction, the case must be remanded back to state court. 28 U.S.C. § 1447(c). Coffee fails to state a claim under the Eighth amendment, the initial basis for federal jurisdiction, and neither Coffee nor defendants establish any basis for diversity jurisdiction. I will remand the state-law claim to state court.

ORDER

IT IS ORDERED that this case is remanded to state court.

Entered May 25, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge